IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GARY LEE WHEELER, JR.                                                                                PLAINTIFF

      v.                                       Civil No.  11-2002

DR. TINSMAN, Jail Doctor,
Sebastian County Detention Center;
CAPTAIN CONGER, Sebastian
County Detention Center;
SHERIFF FRANK ATKINSON;
and NURSE LAURA AQUIRE                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Gary Lee Wheeler, Jr. (Wheeler), filed this action pursuant to the provisions of 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA).  He proceeds *pro se* and *in forma pauperis.*  During his deposition, Wheeler testified that the sole claim at issue in this case is the ADA claim.  *Defendants' Exhibit* (hereinafter *Defts' Ex.*) 1 at pg. 31.[1]

Wheeler is currently incarcerated in the Grimes Unit of the Arkansas Department of Correction (ADC).  The events at issue in this case occurred while Wheeler was incarcerated in the Sebastian County Detention Center (SCDC).  Specifically, Wheeler maintains the Defendants denied him the same services and benefits as non-disabled prisoners when they refused to allow him to use his prosthetic leg while he was in general population.  He has brought suit against the Defendants in their official capacities.[2]

---

[1] The page references are to the deposition and not to the CM/ECF page number.

[2] *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999)(Title II provides redress for discrimination by public entities which does not include individuals--individuals are not subject to personal liability).

-1-

Defendants have filed a motion for summary judgment (Doc. 25). Wheeler has filed a response to the motion (Doc. 33). The motion is now ready for decision.

**1. Background**

Wheeler has been a below the knee amputee with a prosthetic leg since he was nine years old. *Plaintiff's Response* (Doc. 33) at ¶ 6 (hereinafter *Resp.*). He removes the leg to shower and to sleep. *Defts' Ex.* 1 at pg. 14.

He was booked into the SCDC on October 22, 2010. *Id.* at ¶ 1. Wheeler indicates the SCDC personnel were aware of his prosthetic leg and he had been incarcerated there on several occasions. *Id.* at ¶ 3(C).

He was initially placed in general population. *Defts' Ex.* 1 at pg. 19. On November 1, 2010, Wheeler was involved in an altercation and broke his nose. *Resp.* at ¶ 2; *Defts' Ex.* 1 at pg. 18. However, he told SCDC personnel that he had slipped in the shower because of his prosthetic leg. *Resp.* at 3(A). Wheeler was seen by Nurse Aquire and Dr. Tinsman. *Id.* When they realized Wheeler had a prosthetic leg, Wheeler was advised that he could be moved to a hospital cell where he would be allowed to have his prosthetic leg or remain in general population but without his prosthetic leg. *Id.* at ¶¶ 7 & 10; *Defts' Ex.* 1 at pgs. 19-20.

He was informed he could not have his prosthetic leg in general population because it could be used as a weapon by him or another inmate. *Id.* at ¶ 7(B). In fact, Wheeler learned that a prior inmate had used his prosthetic leg to assault another inmate. *Id.* at ¶ 8. Wheeler was involved in at least two altercations at the SCDC and had a history of fighting. *Id.* at ¶ 9.

On November 2nd, Wheeler was moved to a hospital cell, HC-4, which was a twenty-three hour a day lock down cell. *Id.* at ¶ 4. During the one hour when he was not locked down, Wheeler could watch television and use the telephone. *Id.* at ¶ 7. The hospital cell had a shower

and a commode. *Defendants' Exhibit* (hereinafter *Defts' Ex.*) 1 at pg. 10. Wheeler was not placed in the hospital cell for any type of discipline. *Resp.* at ¶ 10.

Wheeler maintains that in the hospital cell, he did not have the same rights or privileges of inmates in general population. *Id.* at ¶ 16. Specifically, he maintains he did not get the same television or phone privileges, was unable to attend church services, and was unable to participate in the jail's school program. *Id.*

When he moved to general population, he had to hop around because he was not allowed to have his leg and did not have any crutches or other medical devise to assist him in walking. *Id.* at ¶ 13(A). Despite this, Wheeler was able to ambulate well on one leg because his left leg had become stronger over time. *Id.* at ¶ 12. When Wheeler asked the jail staff or nurse for a wheel chair or other reasonable accommodation, Wheeler was told they did not have a wheelchair and he could not have crutches because of their potential for use as a weapon. *Id.* at ¶ 13(B).

### 2. Applicable Standard

Summary judgment is only appropriate when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Callanan v. Runyon*, 75 F.3d 1293, 1296 (8th Cir. 1996)(citations omitted). All disputed facts are to be resolved and all inferences drawn in favor of the nonmoving party. *Id.*

The Eighth Circuit Court of Appeals has advised trial courts that summary judgments should be cautiously invoked so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979). It has noted that this is especially true in discrimination cases because they often turn on inferences rather than direct evidence. Thus, the court has stated: "we are particularly deferential to the

non-moving party alleging discrimination." *Webb v. Garelick Manufacturing Co.*, 94 F.3d 484, 486 (8th Cir. 1996); *see also Lynn v. Deaconess Med. Center-West Campus*, 160 F.3d 484, 486-87 (8th Cir. 1998)("[S]ummary judgment should not be granted unless the evidence could not support any reasonable inference" of discrimination.).

### 3. Discussion

Defendants maintain there is simply no evidence to sustain Wheeler's claim. Title Two of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. The statutory definition of the term "public entity" includes "'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 118 S. Ct. 1952, 1954-55, 141 L. Ed. 2d 215 (1998) (*quoting* 42 U .S.C. § 12131(1)(B)).

Thus, a county detention facility is a public entity within the meaning of the ADA. *See e.g., Gorman v. Bartch*, 152 F.3d 907, 912-13 (8th Cir. 1998)(Definition includes local law enforcement agencies); *Crawford v. Indiana Dep't of Corrections*, 115 F.3d 481, 485 (7th Cir. 1997)(Definition includes every possible agency of state or local government). "A 'qualified individual with a disability' is broadly defined as any person who 'meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.'" *Gorman*, 152 F.3d at 912 (*citing* 42 U.S.C. § 12131(2)). Participation in the covered programs or services need not be voluntary. *Id.* "[R]ecreational activities, medical services, and educational and vocational programs" at prisons are benefits within the meaning of Title II. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998)(internal quotations omitted).

"[Q]ualified individual[s] with a disability" are entitled to "meaningful access" to such benefits. *Randolph v. Rodgers*, 170 F.3d 850, 857-58 (8th Cir. 1999).

To state a claim, Wheeler must show that: (1) he is a qualified individual with a disability; (2) that he was excluded from participation in, or denied the benefits of, some service, program, or activity or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability. *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999); *Gorman*, 152 F.3d at 911-12; *Doe v. University of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995).

We will assume that Wheeler is a disabled person within the meaning of the ADA and was otherwise qualified to receive the benefits in question. Wheeler maintains he was denied the same access to the television and telephone as other inmates, was not allowed to attend church services, and was not allowed to participate in educational programs. Wheeler has sworn on penalty of perjury that he was denied access to these benefits, services, and programs. *Resp.* at ¶ 16.

In support of their motion, Defendants refer the Court to *Baribeau v. City of Minneapolis*, 596 F.3d 465 (8th Cir. 2010). They note that in the *Baribeau* case an inmate was denied the use of his prosthetic leg and was held to have failed to establish he was excluded from participation in or denied the benefits of jail services, programs or activities.

Defendants reliance on this case is misplaced. *Baribeau*, 596 F.3d at 472. While Jake Sternberg's prosthetic leg was taken and placed in his property, he was given a wheelchair and placed in an ADA-compliant cell. *Id.* Sternberg spent only two nights in jail and his leg was returned to him. *Id.* Sternberg stated he was "unaware of any program in the jail . . . that [he] wanted to participate in that [he was] not able to as a result of being in the wheelchair." *Id.* at

485. Clearly, there are genuine issues of fact as to whether Wheeler was denied meaningful access to any of the programs, services or activities at the SCDC or that he was discriminated against because of his disability. *Randolph*, 170 F.3d at 857 (ADA requires otherwise qualified individuals receive meaningful access to programs and activities).

### 4. Conclusion

For the reasons stated, I recommend that the motion for summary judgment (Doc. 25) filed by the Defendants be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of August 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE