IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GARY LEE WHEELER, JR.                                                                                    PLAINTIFF

v.                                         Case No. 2:11-CV-02002

DR. TINSMAN, Jail Doctor, Sebastian County
Detention Center; CAPTAIN CONGER,
Sebastian County Detention Center; SHERIFF
FRANK ATKINSON, Sebastian County; and
NURSE LAURA AQUIRE, all in their official
capacities only                                                                                              DEFENDANTS

**ORDER**

Currently before the Court is the report and recommendations (Doc. 62) of the Magistrate, entered after holding an evidentiary hearing in this case to determine issues triable to a jury. Also before the Court are Defendants' timely filed objections (Doc. 64). Plaintiff has not filed any objections nor responded to Defendants' objections. The Court adopts the Magistrate's statement of the relevant facts of this case and will only re-state facts necessary for resolution of Defendants' objections. For the reasons stated below, however, the Court declines to adopt the Magistrate's recommendations for resolution of Plaintiff's claims under the Americans with Disabilities Act ("ADA"), but adopts the recommendation that Plaintiff's claims under 42 U.S.C. § 1983 be dismissed upon Plaintiff's request.

While the Eighth Circuit has approved the use of a pretrial evidentiary hearing to determine whether a *pro se* inmate's nonfrivolous § 1983 claims warrant a jury trial, it has "stressed that such a hearing must be consistent with the [parties'] right to a jury trial." *Hobbs v. Lockhart*, 46 F.3d 864, 868 (8th Cir. 1995). The standard when considering entering judgment based on such a hearing is

-1-

"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. (quotation omitted). The Court has kept this standard in mind when conducting a *de novo* review of the record as to Defendants' objections. 28 U.S.C. § 636(b)(1) (the Court is to "make a de novo determination of those portions of the record or specified proposed findings or recommendations to which objection is made").

The Magistrate recommends entering judgment in favor of Plaintiff on his ADA claims in the amount of $12,200.00 in compensatory damages. The Magistrate further recommends that Defendants be required to pay costs in the amount of the $350 filing fee assessed against Plaintiff. Finally, the Magistrate recommends that Plaintiff's request to dismiss his claims under 42 U.S.C. § 1983 be granted. Defendants argue that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), bars recovery of compensatory damages where no physical injury is shown. In the alternative, Defendants argue that the Magistrate's recommended damages are too arbitrary to be upheld; that punitive damages are not available under the ADA; and that costs should not be awarded. Finally, Defendants argue that Plaintiff did not establish an ADA violation such that the Court should not accept the Magistrate's recommendation that judgment be entered in favor of Plaintiff.

Turning first to the merits of Plaintiff's ADA claim, Defendants argue that Plaintiff has no actionable claim for denial or restriction of access to telephone and television services, as television is not a public service program or activity within contemplation of the ADA and Plaintiff was not entitled to unrestricted access to the telephone. Defendants also argue that there is no proof of discriminatory intent, since the testimony at the hearing showed that Plaintiff's placement in a hospital cell was based on security concerns over the fact that he could potentially use his prosthetic

limb as a weapon in general population. Finally, Defendants argue that there is no basis in law for Plaintiff's claim that his freedom of movement was restricted. Defendants state that Plaintiff was able to move around with his prosthetic limb when he was confined in the hospital cell and was able to move around on one leg when in general population.

Defendants' objections as to the merits of Plaintiff's ADA claims appear to generally conflate standards for ADA claims with standards for finding constitutional violations. While the Constitution may not require unfettered access to a television or telephone or more than one hour outside of a cell per day, Title II the ADA does require that Plaintiff not be "excluded from participation in or denied the benefits of the jail's services, programs, or activities, or [be] otherwise subjected to discrimination by the jail." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010). Furthermore, "Title II regulations require a public entity to 'make reasonable modifications in policies . . .when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service.'" *DeBord v. Board of Educ. of Ferguson-Florissant School Dist.*, 126 F.3d 1102, 1105 (8th Cir. 1997) (quoting 28 C.F.R. § 35.130(b)(7) (1996)). While "[a] public entity may impose legitimate safety requirements necessary for the safe operation of its services . . . the public entity must ensure that its safety requirements are based on actual risks, not on mere speculation, stereotypes, or generalizations about individuals with disabilities." 28 C.F.R. § 35.130(h).

The Court finds that certain material issues of fact remain that preclude a determination of liability at this stage. These material issues of fact include, but are not limited to, the following: what, if any, reasonable accommodations were requested by Plaintiff; whether any requested

accommodations (for instance, Plaintiff alleged in testimony at the evidentiary hearing that he requested a better shoe) were reasonable; how Defendants responded to any requests; and whether Defendants demonstrated the requisite discriminatory intent, i.e. whether Defendants discriminated against Plaintiff on the basis of his disability or whether Defendants imposed a legitimate safety requirement.  The last noted issue itself would require making a factual determination of whether any risk posed by Plaintiff's particular prosthesis was individually assessed by appropriate security personnel at the detention center and whether a decision was made on that basis or, rather, whether a decision was made on the basis of an unwritten policy applied uniformly to persons with a disability requiring an assistive mobility device.  Because the Court finds that material issues of fact remain to be resolved, the Court DECLINES TO ADOPT the Magistrate's recommendation that judgment be entered in favor of Plaintiff at this juncture.

       The Court notes that Defendants make much of the fact that Plaintiff was apparently able to ambulate well on one leg and did not sustain any physical injuries.  The fact that Plaintiff was successfully able to ambulate despite his disability and despite the alleged denial of any reasonable accommodation is a credit to Plaintiff, but does not relieve Defendants of their responsibilities under the ADA.

       The Court now turns to the issue of what remedy is appropriate in this case.  While the Court has found that judgment should not be entered at this time, the Court still finds it important to discuss what damages may be available to Plaintiff in this case moving forward.  The Court agrees with Defendants that compensatory damages are precluded by the PLRA without a prior showing

of physical injury. 42 U.S.C. § 1997e(e).[1] The Court therefore DECLINES TO ADOPT the magistrates findings and recommendation as to the damages that may be awarded to Plaintiff in this case. Punitive damages are also not recoverable under the ADA for claims against Sebastian County.[2] *Barnes v. Gorman*, 536 U.S. 181, 192-93 (2002). The Court finds, however, that Plaintiff may be awarded nominal damages in the amount of $1.00 if he succeeds on his claims.[3] Costs may also be awarded to a prevailing party under the ADA. 42 U.S.C. § 12205. The Court finds that the filing fee assessed against Plaintiff in this case is a cost that can properly be taxed against Defendants. 28 U.S.C. § 1920(1) (fees of the clerk may be taxed as costs). Therefore, if Plaintiff prevails, the most that he will be able to recover (absent more costs being incurred) in total damages

---

[1] Defendants assert that they raised the PLRA as a defense at the evidentiary hearing and even provided a copy of the opinion in *Brown v. Busby*, 2010 WL 3655661 (E.D. Ark. 2010). The record does reflect that defense counsel generally raised the issue of the PLRA applying to ADA claims. However, defense counsel never argued the provision of the PLRA which precludes an award of compensatory damages. Rather, defense counsel appeared to argue along the lines that Plaintiff had not appropriately exhausted his administrative remedies as required by the PLRA and as addressed by *Brown*. It does not appear that the specific defense of 42 U.S.C. § 1997e(e) was raised until the instant objections were filed. In the event Defendants still argue that Plaintiff's claims should be barred for failure to exhaust remedies under the PLRA, the Court notes that it is Defendants' burden to prove application of this defense, and they have failed to do so. Defendants did not even argue the defense in their objections and, while Defendants argued at the hearing that there is no evidence the Plaintiff filed a grievance related to his ADA claims, Plaintiff testified that he did file grievances that were ignored. Having considered the testimony from the hearing, it certainly seems possible that Plaintiff's prison file was incomplete or did not contain a written record of all occurrences relevant to this case.

[2] As Plaintiff is only asserting claims against Defendants in their official capacity, his claims are essentially against Sebastian County. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) ("A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity.").

[3] Plaintiff, in his complaint, requested "monetary damages for pain and suffering and mental anguish." (Doc. 1). Construed broadly, the request for monetary damages includes a request for nominal damages and costs.

is $351.00.

Construing Plaintiff's pleadings liberally, he may also have stated a claim for an Eighth Amendment violation. *See, e.g., Gilmore v. Hodges*, 738 F.3d 266, 274-75 (11th Cir. 2013) (deprivation of needed prosthetic devises states an Eighth Amendment violation because the unavailability of prostheses may lead to severe harm). However, it appears that Plaintiff has indicated a desire to dismiss any claims brought pursuant to 42 U.S.C. § 1983 in favor of pursuing only his ADA claims. In any event, it is not clear that the facts of this case would support a finding that Plaintiff was actually deprived of his prosthetic device where he was given the option to wear it and stay in the hospital cell. Furthermore, the PLRA would likewise prohibit an award of compensatory damages for an Eighth Amendment violation without a showing of physical harm. The Court therefore ADOPTS the Magistrate's recommendation to grant Plaintiff's request to dismiss his claims brought pursuant to § 1983.

IT IS THEREFORE ORDERED that the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the report and recommendations (Doc. 62) of the Magistrate as set forth above.

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims are DISMISSED WITHOUT PREJUDICE upon Plaintiff's request for dismissal.

This case will be set for trial as to Plaintiff's ADA claims by separate order.

IT IS SO ORDERED this 18th day of March, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE